**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

U.S. DISTRICT COURT - N.D. OF N.Y.
F I L E D
JAN 1 7 2018
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

JILL WALTON, as Administratrix of the )
Estate of LOWELL T. WALTON, JR., )
Deceased )
                                       )
                  Plaintiff, )
                                       )
v.                                 )    Case No. 1:16-CV-390 (TJM/CFH)
                                       )
THE UNITED STATES OF AMERICA, )
                                       )
                  Defendant. )

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF**
**FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. ' 2677**

It is hereby stipulated by and between the undersigned Plaintiff (meaning any person, other than the defendant, the attorneys, and the Settlement Broker, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. This Stipulation For Compromise Settlement And Release is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

1

3. The United States agrees to pay the undersigned Plaintiff the cash sums set forth below in paragraph 3(a) to purchase the annuity contract(s) described below in paragraph 3(b).

a. As soon as it is practicable after the execution of this Stipulation For Compromise Settlement And Release, the United States will pay by wire transfer to "Arcadia Settlements Group Settlement Trust Account"; Account Number ▇▇▇▇▇▇▇, ABA Routing Number ▇▇▇▇▇▇▇, the sum of Six Hundred Thousand Dollars and No Cents ($600,000.00), (hereinafter "settlement amount"), out of which the following disbursements will be made by Arcadia Settlements Group from said trust account as provided below in subparagraphs (i) and (ii).

(i) Three Hundred Seventy One Thousand Nine Hundred Four Dollars and Fifty Cents ($371,904.50) to Anderson, Moschetti & Taffany, PLLC, Plaintiff's attorney. This payment should be mailed to the Plaintiff's attorney at the following address: 26 Century Hill Drive, Suite 206, Latham, New York 12110.

With respect to the payment of the Upfront Cash, Plaintiff stipulates and agrees that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Upfront Cash into a qualified settlement fund or an equivalent fund or account. Plaintiff further stipulates and agrees that she, her attorney(s), and her representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent. Nothing in this Paragraph 3(a)(i), however, precludes Plaintiff from purchasing standard, non-structured settlement annuities after Plaintiff has cashed the Upfront Cash settlement check, but she agrees that she will not represent to any person, entity, or agency that she is purchasing

structured settlement annuities and she agrees she will not attempt to purchase such structured settlement annuities.

The parties agree that any attorney's fees owed by the Plaintiff shall not exceed 25% of the settlement amount (28 U.S.C. ' 2678) and must be paid out of the settlement amount and not in addition thereto. The parties further agree that any such attorney's fees, along with Plaintiff's costs and expenses of this action against the United States and her costs, expenses, and fees (including fees of any attorney Guardian Ad Litem) incurred in obtaining court approval of this settlement on behalf of the Estate shall be paid out of the Upfront Cash paid pursuant to paragraph 3(a)(i).

  (ii) To a Life Insurance company or companies rated at least A+ by A.M. Best rating service, the sum of Two Hundred Twenty-Eight Thousand, Ninety-Five Dollars and Fifty Cents ($228,095.50) to purchase the annuity contract(s) described in 3(b) below.

In the event that the total purchase price of the annuity contract has changed by the date of purchase, the annuity payments set forth in this Paragraph 3(b) shall be adjusted either upward or downward so the purchase price of the annuity contract shall be neither more nor less than Two Hundred Twenty-Eight Thousand Ninety-Five Dollars and Fifty Cents ($228,095.50).

  b. The United States will purchase an annuity contract(s) to make the following payments:

<u>Payable to ▓▓▓▓ Walton</u>

$345.86 per month for the life of Justin Walton, certain 40 years, beginning one month from annuity purchase date.

<u>Payable to ▓▓▓▓ Walton</u>

$250.00 per month certain 5 years, beginning at age 18 (on ▓▓▓▓▓▓▓▓▓▓). The last payment will be made on ▓▓▓▓▓▓

3

$743.72 per month certain 15 years, beginning on ▓▓▓▓▓▓▓▓▓▓ The last payment will be made on ▓▓▓▓▓▓▓▓▓▓.
$25,000.00 certain lump sum payable at age 30 (on ▓▓▓▓▓▓▓▓▓▓).

The annuity contract(s) will be owned solely and exclusively by the United States and will be purchased as soon as practicable following the execution of this Stipulation For Compromise Settlement And Release. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract(s) and any annuity payments therefrom is to purchase the annuity contract(s), and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract(s) and annuity payments upon the purchase of the annuity contract(s).

The parties stipulate and agree that the annuity company that issued the annuity contract(s) or its assignee(s) shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation For Compromise Settlement And Release. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that the Plaintiff shall not have the power or

right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Plaintiff and her guardians, heirs, executors, administrators or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address, to notify the annuity company and the United States of the death of any beneficiary of said annuity contract(s) within ten (10) days of death, and to provide the annuity company and the United States with a certified death certificate within thirty (30) days of death.

In the event of the death of ▆▆▆ Walton during a period of certain payments, as outlined for ▆▆▆ Walton in Paragraph 3(b), all remaining certain payments shall be made payable to the Estate of ▆▆▆ Walton. At and after the age of majority, ▆▆▆ Walton may submit a change of beneficiary in writing in a form acceptable to the annuity issuer.

In the event of the death of ▆▆▆ Walton during a period of certain payments, as outlined for ▆▆▆ Walton in Paragraph 3(b), all remaining certain payments shall be made payable to the Estate of ▆▆▆ Walton or the beneficiary he may designate in writing in a form acceptable to the annuity issuer.

4. Plaintiff and her guardians, heirs, executors, administrators, or assigns do hereby accept the cash sums set forth above in paragraph 3(a) and the purchase of the annuity contract(s) set forth above in paragraph 3(b) in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, whether known or unknown, including any future claims for wrongful death and any claims for fees, interest, costs and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the Plaintiff or her heirs, executors, administrators, or assigns may have or hereafter acquire against the United

States, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action. Plaintiff and her guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiff agrees to pay or resolve any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, or future liens or claims for payment or reimbursement by an individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. Plaintiff and her heirs, executors, administrators, or assigns further agree to satisfy or resolve any and all known claims for payment/reimbursement and liens arising from the injuries that are the subject matter of this action before her attorneys distribute to the Plaintiff any portion of the Upfront Cash paid pursuant to Paragraph 3(a)(i) above. The Plaintiff further agrees that, no later than ninety (90) days from the date the United States has paid the Settlement Amount, her attorney shall provide to the United States evidence that each claim or lien has been satisfied or resolved and that all lienholders and claimholders have waived and released all such liens and claims. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiff's attorney representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that all lienholders and claimholders have waived and released such liens and claims.

5. This compromise settlement is specifically subject to each of the following conditions:

a. an agreement by the parties on the terms, conditions, and requirements of this Stipulation For Compromise Settlement And Release and the annuity contract(s). The parties stipulate and agree that the Stipulation for Compromise Settlement and Release and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions and requirements of this Stipulation For Compromise Settlement And Release and the annuity contract(s). The terms, conditions and requirements of this Stipulation for Compromise Settlement and Release are not severable and the failure to agree, fulfill or comply with any term, condition, or requirement renders the entire Stipulation for Compromise Settlement and Release and the compromise settlement null and void. The authorization by the Attorney General or the Attorney General's designee to negotiate and consummate a settlement for the amount agreed upon by the parties does not make the settlement binding upon the United States unless and until the other terms, conditions and requirements of this Stipulation For Compromise Settlement and Release have been completely agreed upon in writing.

b. each beneficiary of the annuity contract(s) set forth above in paragraph 3(b) must be alive at the time of the purchase of said annuity contract(s). In the event of the death of any beneficiary prior to the purchase of said annuity contract(s), the entire Stipulation for Compromise Settlement and Release and the compromise settlement are null and void.

c. in the event any Plaintiff is a minor or a legally incompetent adult, the Plaintiff must obtain Court approval of the settlement at his/her expense. Such court approval must be obtained prior to the purchase of the annuity contract(s) set forth above in paragraph 3(b). Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained

in a timely manner. In the event Plaintiff fails to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

6. Plaintiff's attorney agrees to distribute the settlement proceeds to the Plaintiff and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

7. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. ' 552a(b).

8. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 2rd day of _____, 2017. 2018

_____
Cathleen B. Clark
Assistant United States Attorney
U.S. Attorney's Office
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207
(518) 431-0247
Cathleen.B.Clark@usdoj.gov

Executed this 22 day of December, 2017.

_____
Peter J. Moschetti, Jr., Esq.
Anderson, Moschetti & Taffany, PLLC
26 Century Hill Drive, Suite 206
Latham, New York 12110
(518) 785-4900

8

moschetti@amtinjurylaw.com

Executed this 30th day of December 2017.

_____
Jill Walton, as Administratrix of the Estate of Lowell T. Walton, Jr., Deceased

Executed this 2nd day of JAN, 2018

Arcadia Settlements Group
_____
Christopher Larned

So Ordered:

_____
Hon. Thomas J. McAvoy, Senior U.S. District Judge

Dated: January 17, 2018